United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

Erica Emil White,

Debtor.

Case No. 18 BK 02733

Chapter 13

Judge: Hon. Jack B. Schmetterer

## OPINION ON DEBTOR ERICA EMIL WHITE'S OBJECTION TO CLAIM #13 OF WILMINGTON SAVINGS FUND SOCIETY, FSB [DKT. NO. 36]

Debtor Erica Emil White ("Debtor") has objected to Claim No. 13 of Creditor Wilmington Savings Fund Society, FSB ("Wilmington"). Debtor also seeks an award of $650 of attorneys fees for having to bring forth this Objection.

For the reasons discussed below, Debtor's Objection will be sustained by separate order entered concurrently herewith.

### UNDISPUTED FACTS

The following undisputed facts derive from the Objection filed by Debtor (Dkt. No. 36) and the subsequent Response (Dkt. No. 50) and Reply (Dkt. No. 53).

1. Debtor filed her voluntary petition for Chapter 13 relief on February 1, 2018. (Dkt. No. 1.)

2. Wilmington filed its Claim No. 13 in the amount of $9,794.71 on April 11, 2018. It asserts a secured claim associated with the parcel of real estate commonly known as 432 E. 87th Place, Chicago, Illinois. (Dkt. No. 36.)

3. Debtor executed the mortgage along with her ex-husband on August 8, 2005. (Dkt. No. 51.)

4. Debtor did not execute the Promissory Note. The Note was signed individually by her ex-husband. (Dkt. No. 36.)

5. The terms of the Mortgage state that the "mortgage secures all payments . . . as provided in the Note." (Dkt. No. 36.)

6. Debtor does not reside in, nor is she a a title owner of, the property. Title is vested only in the name of Debtor's ex-spouse. Debtor asserts that she only signed the mortgage to waive her homestead rights. (Dkt. No. 36.)

7. Wilmington stated in its Response that it would take, "immediate steps," to, "withdraw the claim at issue." (Dkt. No. 50.)

8. As of July 31, 2018, Wilmington's claim has not been withdrawn.

## DISCUSSION

The facts of this case are undisputed. Wilmington has not set forth any argument refuting Debtor's version of events, nor is it contesting that Debtor only signed the Mortgage and did not sign the Note. In fact, Wilmington's Response to Debtor's Objection, a total of two paragraphs, states only that Debtor did execute the mortgage as a "Borrower" without any restrictive covenant. (Dkt. No. 50.) However, Wilmington also makes it abundantly clear that, "immediate steps will be taken to withdraw the claim at issue." *Id.* For those reasons, Wilmington argues Debtor's Objection should be overruled.

However, as of July 31, 2018, over two months since Debtor filed her Amended Objection to the claim, Wilmington has not taken any action to effectuate its withdrawal. Given that Wilmington has failed to substantively respond to Debtor's contentions, any and all arguments or defenses it may have had with regards to the basis of Debtor's Objection are deemed to be waived. There is no reason to overrule Debtor's Objection. She has made her case and Wilmington, though it had the opportunity to do so, chose not to put forth an argument, stating instead that it would simply withdraw the claim. It has not done so despite knowing about this issue since May 23, 2018.

Moreover, Debtor is neither the title owner of the property, nor is she a signatory on the note. Pursuant to Illinois law, contemporaneously executed instruments such as notes and mortgages are construed together. *Tepfer v. Deerfield Sav. & Loan Ass'n*, 118 Ill. App. 3d 77, 80 (1983). While the mortgage in this case was signed by Debtor, she did not execute the Note and is not bound by its terms to pay any money. Wilmington's claim is purely for money owed, not for any interest in real estate that the Debtor may have obtained through the execution of a mortgage. As she is not obligated to pay anything to Wilmington because she did not execute the note, Wilmington is not entitled to any money from the Debtor as the basis for its proof of claim. Therefore, Debtor's Objection will be sustained and Wilmington's proof of claim will be disallowed.

The Debtor also seeks $650 in attorneys fees. However, neither party has discussed the relevant legal authority with regards to that issue. Therefore, the Court will not pass on the question of a sanction against Wilmington at this time.

## CONCLUSION

For the reasons articulated above, Debtor's Objection will be sustained by separate order entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ____ day of July, 2018